UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 30 2019

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 15 U.S.C. § 1 (Conspiracy to Restrain Trade) |
| YEH FEI CHU aka JIM CHU and G NOVA CORPORATION | CRIMINAL NO. 19 CR 070 |

THE GRAND JURY CHARGES THAT, AT ALL TIMES RELEVANT TO THIS INDICTMENT:

**15 U.S.C. § 1**
**(Conspiracy to Restrain Trade)**

**Background**

1. From at least as early as May 2012 and continuing until at least February 2014 (the "relevant period"), **DEFENDANT G NOVA CORPORATION** and **DEFENDANT YEH FEI CHU aka JIM CHU** ("Defendants") initiated, facilitated, maintained, and participated in a price-fixing conspiracy that included two of the largest online retail sellers of Promotional Products in the United States, and affected sales of foam Koozies to online retail customers throughout the United States. Defendants initiated communications with those two companies, suggested entering into a price-fixing agreement for foam Koozies, and served as the go-between for conspiratorial communications that included those two companies throughout the conspiracy period. Defendants facilitated and participated in the price-fixing conspiracy via in-person meetings, telephone calls, and electronic messages.

2. Promotional Products are assorted products – including Koozies, among others – that

can be customized to customer specifications. Koozies, also known as can coolers or coolies, are foam or fabric sleeves that thermally insulate beverage containers such as cans or bottles. The foam or fabric used to make most Koozies is imported into the United States from abroad. Unfinished Koozie material arrives in the United States in the form of either pre-sewn Koozies or flat sheets of material that are later sewn into Koozies. Promotional Products retail sellers in the United States then customize the products with screen-printed logos or slogans before selling the finished Koozies to retail customers throughout the United States and elsewhere.

## Defendants and Co-Conspirators

At all times relevant to this Indictment:

3. **DEFENDANT G NOVA CORPORATION** was an international company headquartered in Taiwan that did business in Houston, Texas, and elsewhere in the United States. **DEFENDANT G NOVA CORPORATION** supplied unfinished foam Koozie material to companies within the United States and elsewhere, and was one of the largest manufacturers and distributors of unfinished foam Koozie material in the world. **DEFENDANT G NOVA CORPORATION** sold unfinished foam Koozie material to online Promotional Products retailers for finishing, customization, and sale to the general public. **DEFENDANT G NOVA CORPORATION** served as the primary supplier of unfinished foam Koozie material to COMPANY A and COMPANY B.

4. **DEFENDANT YEH FEI CHU aka JIM CHU** was the Chief Executive Officer and General Manager of **DEFENDANT G NOVA CORPORATION** and also maintained a business presence in the United States. **DEFENDANT YEH FEI CHU aka JIM CHU** served as the primary point of contact for conspiratorial communications between **DEFENDANT G NOVA CORPORATION**, COMPANY A, and COMPANY B.

5. COMPANY A was an online Promotional Products retail seller headquartered in Houston, Texas. COMPANY A purchased unfinished foam Koozie material from **DEFENDANT G NOVA CORPORATION** through **DEFENDANT YEH FEI CHU aka JIM CHU**. COMPANY A competed directly with COMPANY B, among others, for sales of foam Koozies to online retail customers.

6. COMPANY B was an online Promotional Products retail seller headquartered in Miami, Florida. COMPANY B purchased unfinished foam Koozie material from **DEFENDANT G NOVA CORPORATION** through **DEFENDANT YEH FEI CHU aka JIM CHU**. COMPANY B competed directly with COMPANY A, among others, for sales of foam Koozies to online retail customers.

7. COMPANY A and COMPANY B were two of the largest online retail sellers of Promotional Products, including foam Koozies, in the United States. **DEFENDANT G NOVA CORPORATION** was the primary supplier to COMPANY A and COMPANY B of unfinished foam Koozie material in the United States. COMPANY A and COMPANY B sold finished foam Koozies, and other customizable Promotional Products, to online retail customers in the United States. Online retail customers for foam Koozies included businesses, organizations, and charities that use the products for promotional purposes.

8. Other corporations and individuals not made defendants in this Indictment, knowingly participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance of the conspiracy.

9. Whenever in this Indictment reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were

3

actively engaged in the management, direction, control, or transaction of its business or affairs.

## Description of the Offense

10. From at least as early as May 2012 and continuing until at least February 2014, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas and elsewhere, **DEFENDANT YEH FEI CHU aka JIM CHU** and **DEFENDANT G NOVA CORPORATION**, and their co-conspirators, knowingly participated in a combination and conspiracy to suppress and eliminate competition for the sale of foam Koozies to online retail customers in the United States and elsewhere by fixing, stabilizing, and maintaining the price of foam Koozies sold in the United States. The combination and conspiracy engaged in by Defendants and their co-conspirators was in unreasonable restraint of interstate trade and commerce in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

11. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendants and their co-conspirators, the substantial terms of which were to fix, stabilize, and maintain prices for sales of foam Koozies to online retail customers in the United States and elsewhere.

## Means and Methods of the Conspiracy

12. For the purpose of forming and carrying out the charged combination and conspiracy, Defendants, together with their co-conspirators, did those things that they combined and conspired to do, including, among other things:

(a) Participating in meetings and communications during which Defendants and their co-conspirators agreed to fix, stabilize, and maintain prices charged for foam Koozies sold to online retail customers in the United States. For example, in May 2012, **DEFENDANT YEH FEI CHU aka JIM CHU**, on behalf of **DEFENDANT G NOVA CORPORATION**,

met with representatives of COMPANY A. At that meeting, **DEFENDANT YEH FEI CHU aka JIM CHU** proposed that COMPANY A enter into an agreement with its competitor, COMPANY B, to fix the prices of foam Koozies sold to online retail customers. In addition, to facilitate the proposed agreement, **DEFENDANT YEH FEI CHU aka JIM CHU** offered to serve as the conduit for communications between COMPANY A and COMPANY B. After that meeting, **DEFENDANT YEH FEI CHU aka JIM CHU** sent an electronic message to an individual at COMPANY A confirming that COMPANY B had agreed to increase the price of foam Koozies to online retail customers in accordance with the agreement proposed by **DEFENDANT YEH FEI CHU aka JIM CHU**, on behalf of **DEFENDANT G NOVA CORPORATION**.

(b)     Knowingly participating in the price-fixing agreement through phone calls and electronic messages to ensure that COMPANY A and COMPANY B maintained consistent pricing so as to not undercut one another. For example, in 2012 and 2013, **DEFENDANT YEH FEI CHU aka JIM CHU** sent electronic messages to representatives of COMPANY A and COMPANY B regarding increasing the prices of foam Koozies sold to online retail customers in the United States.

(c)     Knowingly participating in the price-fixing agreement through communications in which Defendants and their co-conspirators re-affirmed the agreement to fix, stabilize, and maintain prices charged for foam Koozies sold to online retail customers in the United States. For example, in 2013, **DEFENDANT YEH FEI CHU aka JIM CHU** sent electronic messages to representatives of COMPANY A agreeing to check on COMPANY B's pricing on behalf of COMPANY A.

(d)     Causing online retail consumers in the United States to pay non-competitive prices for

foam Koozies sold by COMPANY A and COMPANY B, until COMPANY B was acquired by another company in February 2014 and thereafter changed its pricing strategy.

## Trade and Commerce

13.   During the relevant period, substantial quantities of foam Koozies that are the subject of this Indictment were sold and shipped in a continuous and uninterrupted flow of interstate commerce to online retail customers located in states outside the place of origin of the shipments, and substantial payments for foam Koozies sold to online retail customers were transmitted across state lines.  Defendants shipped substantial quantities of unfinished foam Koozie material from Taiwan to COMPANY A, headquartered in Houston, Texas, and COMPANY B, headquartered in Miami, Florida, which then sold substantial quantities of foam Koozies to online retail customers throughout the United States.  In addition, substantial quantities of equipment and supplies necessary to the sale of foam Koozies to online retail customers traveled in interstate trade and commerce.

14.   During the relevant period, the business activities of Defendants and their co-conspirators in connection with the foam Koozies sold to online retail customers that are the subject of this Indictment were within the flow of, and substantially affected, United States interstate trade and commerce.

**ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1**

**A TRUE BILL**

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

_/s/_

MAKAN DELRAHIM
Assistant Attorney General
Antitrust Division
United States Department of Justice

_/s/_

ANDREW C. FINCH
Principal Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_/s/_

RICHARD A. POWERS
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_/s/_

MARVIN N. PRICE, JR.
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_/s/_

RYAN DANKS
Chief, Washington Criminal I
Antitrust Division
United States Department of Justice

_/s/_

JUSTIN P. MURPHY
DANIELLE M. GARTEN
Trial Attorneys, Washington Criminal I
Antitrust Division
United States Department of Justice
450 5th St. NW, Suite 11300
Washington, DC 20530

_/s/ for:_

RYAN K. PATRICK
United States Attorney
Southern District of Texas

_/s/_

VERNON LEWIS
Deputy Criminal Chief, Fraud Section
Southern District of Texas

8